# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>**INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 530-844-7926** | Case No. 2:24-sw-0525 DB |

**FILED**
May 23, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the District of _____New Jersey_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251, 2252(a)(2) and (a)(4)(B) | Production, Receipt, Distribution, and Possession of Child Pornography |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Casey Snyder
*Applicant's signature*

HSI Special Agent Casey Snyder
*Printed name and title*

Sworn to me over the telephone and SIGNED by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __23__ day of May 2024.

Date: 05/23/2024

City and state: Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

PHILLIP A. TALBERT
United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of:<br><br>INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **530-844-7926**, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A WARRANT TO OBTAIN PRECISE LOCATION DATA FROM A CELLULAR TELEPHONE |
|---|---|

I, Casey Snyder, being first duly sworn, hereby depose and state as follows:

## I.     INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 530-844-7926, ("the **SUBJECT PHONE**"), that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

1

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with Homeland Security Investigations (HSI) and have been since June 2022. Prior to HSI, I was a Special Agent with the U.S. Postal Service, Office of Inspector General for over ten years. I received my initial training at the Federal Law Enforcement Training Center in Glynco, Georgia, in 2008. Most recently, I completed the HSI Special Agent Training (HSISAT) course at FLETC in December of 2022. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience by successfully completing the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, the HSISAT program at FLETC in Glynco, Georgia, advanced training, and everyday work relating to conducting these types of investigations. In the course of my employment, I have served or assisted in serving search warrants; seized numerous items of computer equipment and digital evidence; and I have participated in several investigations involving computer forensics, including investigations related to child pornography and exploitation. I have received training in the area of child pornography and child exploitation. I have also had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)) in all forms of media including computer media.

4. I have been a Special Agent for over 14 years and am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A. I am authorized by law to request a search warrant.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 2252(a)(2), receipt and distribution of child pornography, Title 18 U.S.C § 2251(a), production of child pornography, and Title 18 U.S.C. § 2252(a)(4)(B), possession of child pornography have been committed by Jacob BESS.  There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## II.     PROBABLE CAUSE

7.  On May 25, 2023, while conducting an undercover chat operation, an HSI Detroit Special Agent acted in an undercover capacity portraying himself as the father of an 8-year-old girl on the Kik platform.  That same day, Kik user "haveyoudrippin69", later identified as Jacob BESS, of Yuba City, California sent the HSI SA a private message claiming he had a 7-year-old daughter. The conversation escalated into sexualized conversation surrounding BESS' daughter.  Based on further development of the conversation, this information was ultimately passed onto HSI Sacramento for review.

8.  On May 25, 2023, HSI Sacramento reviewed a screen recording of the Kik conversation as well as the images sent by BESS.  The following is a description of the review of the conversation between the HSI SA and BESS:

> BESS began the conversation on Kik by stating that "[he has] a 7yo daughter."  The HSI Special Agent acting in an undercover capacity (hereinafter referred to as Undercover Agent, "UCA") inquired whether she was "active;" to which he responded, "she likes to grind on my dick.  She's not used to the taste of cum just yet but she's getting there."  The UCA then asked whether he puts "it in her mouth" and if she "swallow[s]."  BESS responded that she does but she "gags" and that he "just love[s] how curious she is."

> BESS later sent an image of what appears to be a prepubescent female wearing a pink swimsuit bottom and rainbow swimsuit top about to jump into a pool; BESS commented underneath this

3

photo, "[Victim 1]."[1]

The UCA then inquired if BESS took "any dirty pics?" to which BESS responded "Yeah, you?" and sent an image. A description of this image is as follows:

> A color image depicting a prepubescent minor female wearing what appears to be a pink top and nude from the waist down. The image appears to have been taken from below looking upwards at the minor female's vagina. There is no visible pubic hair.

The UCA then inquired if BESS took "any vid of [him] and her." BESS responded again with, "Yeah, you?" BESS sent a video shortly thereafter; a description of this file is as follows:

> This video, approximately 24 seconds in length, is a close-up of what appears to be a vagina of a prepubescent female due to lack of pubic hair. An adult hand is used to spread the buttocks apart, the camera is brought closer to the opening of the vagina. A finger is then placed around the vagina and slides up towards the anus and back down towards the vagina."

When the UCA inquired when that last was, BESS responded, "not long ago, let me see your baby." The UCA later asked whether there were any videos taken of BESS "in her mouth??" BESS responded with "I'll see if I can get her to right now [smiling emoji with tongue sticking out]" The UCA asked BESS if he was with her right now to which he responded "Yep."

When asked where BESS has anything saved, he responded that he doesn't "on [his] phone" but

---

[1] I substituted "Victim 1" in place of the name BESS used in this conversation in order to protect the identity of Victim 1, and I retained a copy of the chat with Victim 1's name as set forth in the chat in my case file. Based on the investigation thus far, law enforcement confirmed BESS has a 10-year-old daughter with the same name as Victim 1. Law enforcement also learned BESS has a seven-year-old daughter.

4

that "she has stuff on her tablet though." When asked what kind of stuff, BESS stated that "she's always dancing naked, masturbating, sucking on toys, and playing with her moms dildo." During the conversation, BESS informed the UCA that he has his daughter "on [his] lap right now."

When asked whether BESS was near Michigan, he stated that he was in California. At one point conversation, the UCA inquired what BESS looked like. BESS responded, "little girls lol." BESS followed up this response with the following messages:

> *"Oh lol I read that wrong"*
>
> *"I thought you asked 'what do you like'"*

When asked what was the most he's done with his daughter, BESS stated that he thinks they've "done it all lol." He followed up with the following message:

> *"She just likes me eating her pussy and rubbing my dick on it until I cum inside her"*

9. Following this conversation, the HSI UCA sent an emergency disclosure request to Kik for subscriber information for BESS. Kik responded with a first name "Jakoby," Last name "Tress," email address "diggem77@gmail.com," and username "haveyoudrippin69"[2]. Per Kik, the IP address, 73.66.232.56, was associated with this account on several occasions.

10. HSI contacted Comcast Cable for emergency disclosure of subscriber information for the IP address 73.66.232.56. Comcast verbally provided the subscriber associated with the IP address as: Justine Chesser, XXX-XXX-7384, 1464 Live Oak Blvd, Yuba City, CA 95991. Law enforcement records showed the phone number 530-755-7384 was associated to both Chesser and BESS.

11. Based on the above information, HSI Sacramento applied for a search warrant to search BESS and his residence, located at 1464 Live Oak Blvd, Yuba City, CA 95991. The Honorable Judge Jeremy D. Peterson authorized the search warrant on May 25, 2023 (Case No. 2:23-SW-0519 JDP).

---

[2] These were the account names used throughout the chat with the UCA.

5

12. Law enforcement executed the search warrant at the residence on May 25, 2023. BESS was not on the premises when law enforcement began executing the warrant, but arrived shortly thereafter. BESS arrived alone, driving his personal vehicle. When BESS arrived, he was placed into custody by Yuba City Police Department, Yuba City, CA. He was later booked into state custody on state child sexual assault charges. Law enforcement located a cell phone, the **SUBJECT PHONE**, on the seat of the vehicle and seized the cell phone. The **SUBJECT PHONE** was seized from the immediate area of where BESS had been sitting when he drove his vehicle home.

13. On May 25, 2023, law enforcement interviewed BESS. After being advised of his Miranda Rights, BESS admitted to chatting and sending child pornography while using the Kik platform, as "haveyoudrippin69", on May 25, 2023. BESS further admitted to regularly receiving, possessing, and distributing what he knew to be child pornography. BESS stated he only used his cellular phone to use chatting applications, such as Kik, and to receive or send child pornography. BESS described his phone as the phone found in the passenger seat of his vehicle when he arrived at his residence.

14. Based on the information above, HSI Sacramento applied for a search warrant to search the **SUBJECT PHONE.** The Honorable Judge Kendall J. Newman authorized the search warrant on June 6, 2023 (Case No. 2:23-sw-0552 KJN).

15. Reviews of the **SUBJECT PHONE** revealed over 4,866 images and over 1,745 videos determined to be Child Sexual Assault Material (CSAM). The **SUBJECT PHONE** contained multiple CSAM images and/or videos which HSI Sacramento believes BESS produced and which depict BESS' children. One such video was titled 1_5132349673767436398.mp4. This file appeared to have been created on February 15, 2019 and depicted a prepubescent female wearing Hello Kitty pajamas and laying on a bed with a white and black tiger stripe blanket. What appeared to be an adult male hand pulled down the girl's pants and underwear and displayed her vagina and rectum. The adult male then used their hand to grab the child's buttocks and further expose the child's vagina and rectum. The adult male then rubbed the girl's vagina with his thumb. The duration of this video was approximately 12 seconds.

16. Another video was titled 72f6577e-8161-48bc-9220-64acdfd1bc21.mp4. This file

1  appeared to have been created on May 21, 2023 and depicted what appeared to be a prepubescent female
2  and another young child on a bed sleeping. The female was wearing a pink shirt with Minnie Mouse on
3  it, white short pants, and white and pink underwear. The other child was wearing a gray t-shirt and black
4  shorts. Both children appear to be on a mattress with no sheets. The mattress was red with a "Fleur-de-
5  lis" type design stitched into it. The female was sleeping on a red body pillow and a gray and white
6  pillow. What appeared to be an adult male hand pulled the female's pants down to display her buttocks
7  and underwear. The video appeared focused on the genitalia area of the young female. The adult male
8  hand spread the buttocks of the female to expose the vaginal area, which was still covered. The duration
9  of this video was approximately 10 seconds.

10  17.  The reviews further disclosed multiple Kik conversations pertaining to sexually
11  assaulting children, particularly his own. In these Kik conversations BESS received or distributed
12  multiple CSAM images and videos.

13  18.  In my training and experience, I have learned that T-Mobile is a company that provides
14  cellular telephone access to the general public.  I also know that providers of cellular telephone service
15  have technical capabilities that allow them to collect and generate information about the locations of the
16  cellular telephones to which they provide service, including cell-site data, also known as "tower/face
17  information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna
18  towers covering specific geographic areas) that received a radio signal from the cellular telephone and,
19  in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers
20  are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.
21  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from
22  that device.  Accordingly, cell-site data provides an approximate location of the cellular telephone but is
23  typically less precise than other types of location information, such as E-911 Phase II data or Global
24  Positioning Device ("GPS") data.

25  19.  Based on my training and experience, I know that T-Mobile can collect cell-site data
26  about the **SUBJECT PHONE**.  I also know that wireless providers such as T-Mobile typically collect
27  and retain cell-site data pertaining to cellular phones to which they provide service in their normal
28  course of business in order to use this information for various business-related purposes. After reviewing

the evidence obtained from the **SUBJECT PHONE**, HSI Sacramento believes CSAM materials were produced by BESS as early as February 2019. BESS appeared to receive, possess, and/or distribute CSAM materials through the date of his arrest on May 25, 2023.

20. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the methods of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **SUBJECT PHONE**'s user or users and may assist in the identification of co-conspirators and/or victims.

### III.   AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

22. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

23. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the SUBJECT PHONE on T-Mobile's network or with such other

reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **SUBJECT PHONE** outside of daytime hours.

Respectfully submitted,

/s/ Casey Snyder

Casey Snyder
Special Agent
Homeland Security Investigations

Sworn to me over the telephone and SIGNED by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __23__ day of May 2024.

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/s/ Emily G. Sauvageau
Approved as to form by AUSA EMILY G. SAUVAGEAU

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number 530-844-7926, ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of January 1, 2019 through May 25, 2023:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of: 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2251(a) involving BESS during the period of January 1, 2019 to May 25, 2023.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of )<br> )<br>INFORMATION ASSOCIATED WITH THE   )<br>CELLULAR TELEPHONE ASSIGNED CALL  )<br>NUMBER 530-844-7926   )<br> ) | Case No.   2:24-sw-0525 DB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     District of     New Jersey
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     June 6, 2024     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐  for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of                          .

Date and time issued:    05/23/2024, 4:06pm

City and state:     Sacramento, California

*[Signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.


_____   _____
Signature of Judge                                                    Date

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number 530-844-7926, ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054.

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of January 1, 2019 through May 25, 2023:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of: 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2251(a) involving BESS during the period of January 1, 2019 to May 25, 2023.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.